UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

VALERIE SMITH,

           Plaintiff,

v.

CITIBANK, N.A.,
TRANS UNION, LLC,
and EQUIFAX, LLC,

           Defendants.

Case No.

# COMPLAINT

NOW COMES Plaintiff, VALERIE SMITH ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendants CITIBANK, N.A. ("CITIBANK" or "Defendant"), and TRANS UNION, LLC ("TRANS UNION" or "Defendant"), and EQUIFAX, LLC ("EQUIFAX" or "Defendant"):

## Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## Parties

2. Plaintiff is a natural person at all times relevant residing in Riverside County, in the City of Eastvale, in the State of California.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant TRANS UNION is a corporation conducting business in the State of California and is headquartered in Chicago, Illinois.

5. Defendant TRANS UNION is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant TRANS UNION furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant TRANS UNION is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9. Defendant EQUIFAX is a company conducting business in the State of California and is headquartered in Atlanta, Georgia.

10. Defendant EQUIFAX is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

11. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12. Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

13. Defendant EQUIFAX is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

14. Defendant CITIBANK is a nationally chartered bank doing business in the State of California, with its principal place of business located in New York, New York.

15. Defendant CITIBANK is a "person," as defined by 47 U.S.C. §153 (39).

16. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Jurisdiction and Venue

17. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

18. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Facts

19. Plaintiff is a consumer who is the victim of inaccurate reporting by TRANS UNION, EQUIFAX, and CITIBANK regarding a credit account that she had with Costco Visa Card, which was issued by CITIBANK.

20. CITIBANK employed Credit Control, LLC ("Credit Control") to enter into an agreement with Plaintiff to settle Plaintiff's account with CITIBANK. Upon information and belief, Credit Control operated as an agent of CITIBANK.

21. CRAs, including TRANS UNION and EQUIFAX, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

22. Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

23. Further, Furnishers are prohibited from furnishing information they know or should know is inaccurate.

24. Here, Plaintiff is a victim of inaccurate reporting regarding an account she had with CITIBANK, an inaccuracy found in both of the credit reports published by the two CRA Defendants. The following is a description of the inaccuracy and failures of all Defendants to investigate and update their reporting of the account in question:

25. On or about April 15, 2021, Plaintiff and Credit Control entered into an agreement to settle an account ending in 6549 (the "Account") for $1,909.46.

26. Per the terms of the settlement agreement, Plaintiff made two (2) payments of $159.13 and ten (10) payments of $159.12, with the last and final payment on March 24, 2022, fully satisfying the settlement agreement and Account.

27. On March 27, 2024, Plaintiff received copies of her credit report from EQUIFAX and TRANS UNION.

28. To her surprise, despite Plaintiff's performance under the terms of the settlement agreement, Defendant CITIBANK reported incorrect information regarding the Account to the CRAs.

29. Specifically, TRANS UNION reported the Account rating as "C/O" ("C/O" meaning "Charged off by account provider" according to TRANS UNION) until August 2022 even though the Account was paid and settled in March 2022. EQUIFAX reported the Account rating as "CO" ("CO" meaning "Charge-Off" according to EQUIFAX) until July 2022. Additionally, the two CRA Defendants failed to accurately report the payment history on the Account.

30. The CRA Defendants' failure to report the Account correctly, including their failure to report the accurate rating and failure to accurately report the payment history of the

Account, harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

31. On April 1, 2024, Plaintiff issued disputes by mail to both CRA Defendants regarding the incorrect information being reported on the Account.

32. In her dispute letters, Plaintiff disputed the incorrect rating on the Account and the inaccurate payment history of the Account. Plaintiff also included proof of the agreement between herself and Credit Control and proof of the payments made in satisfaction of the agreement.

33. Upon information and belief, pursuant to their obligations under the FCRA, both CRA Defendants notified CITIBANK of Plaintiff's disputes within five days of receipt of the disputes.

34. Further, upon information and belief, both CRA Defendants would have sent the documentation Plaintiff included in her dispute letters to CITIBANK, including the terms of the settlement and proof of the payments.

35. Despite her very specific disputes and accompanying documents supporting her disputes, the second set of credit reports from both CRA Defendants, received by Plaintiff on June 27, 2024, reiterated similar inaccuracies. EQUIFAX continued to report a "CO" rating until July 2022 with no change in the reported payment history. TRANS UNION adjusted the "C/O" Account rating, but this adjustment was still incorrect, now reporting the "C/O" rating until July 2022, which is still several months after the final payment which settled the Account. Further, TRANS UNION still failed to update the payment history on the Account.

36. At the time of filing this complaint, both CRA Defendants continue to report an inaccurate rating of the Account and fail to report the accurate payment history on the Account.

37. Upon information and belief, both CRA Defendants continue to report this information because of (1) CITIBANK's furnishing of incorrect information regarding the

Account to the two CRA Defendants and (2) both CRA Defendants failed to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in her dispute letters.

38. Additionally, upon information and belief, CITIBANK failed to conduct a reasonable investigation into the information it furnished to the CRA Defendants.

39. If CITIBANK had complied with its duties to reinvestigate the Account when it received notice of the disputes, it would have conducted a reasonable reinvestigation and updated the information it was furnishing accordingly.

40. Further, CITIBANK continues to furnish information regarding the Account that it knows or should know is inaccurate.

41. Further, after receiving Plaintiff's disputes concerning the inaccurate information of the Account, TRANS UNION and EQUIFAX are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

42. If TRANS UNION and EQUIFAX had complied with their statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

43. As a result of this conduct, action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

44. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

45. Because of her concern over the effects Defendants' misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that Plaintiff has had the financial means to do both.

## COUNT I – TRANS UNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

46. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-45.

47. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

48. TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

49. As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

50. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

51. In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

52. Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANS UNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

53. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-45.

54. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

55. Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

56. As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

57. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

58. In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

59. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT III – EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

60. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-45.

61. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

62. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

63. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

64. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

65. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

66. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT IV – EQUIFAX
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

67. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-45.

68. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

69. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

70. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation,

emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

71. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

72. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

73. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT VII– CITIBANK
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)

74. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-45.

75. After receiving Plaintiff's disputes, CITIBANK failed to reasonably reinvestigate its reporting of the information regarding the Account reporting on Plaintiff's consumer report.

76. CITIBANK violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's disputes, by failing to accurately report the results of the investigation to the CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of CITIBANK's representations to the CRAs.

77. As a result of this conduct, action, and inaction of CITIBANK, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

78. CITIBANK's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

79. In the alternative, CITIBANK was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

80. Plaintiff is entitled to recover costs and attorneys' fees from CITIBANK, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: 05/27/2025                    Respectfully submitted,

*/s/ Jonathan Yong*
Jonathan Yong
**Gator Law, P.C.**
2 N. Central Avenue, Suite 1800
Phoenix, AZ
P: (385) 324-5471
E: attorneys@gatorlawpc.com
**Attorneys for Plaintiff,
VALERIE SMITH**